UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-CV-60130-LENARD/Turnoff

INSURANCE COMPANY OF
NORTH AMERICA,

      Plaintiff,

v.

FREDERIC G. LEVIN, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION ON
## DEFENDANTS' MOTION TO TRANSFER VENUE

**THIS CAUSE** is before the Court upon Defendants' Motion to Transfer Venue. **[DE 4]**. This

matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District

Judge for the Southern District of Florida. **[DE 84]**. The undersigned has considered the Motion, the

Response **[DE 80]**, the Reply **[DE 82]**, the court file, the applicable law, and is otherwise duly

advised in the premises.

### Background

Plaintiff Insurance Company of North America issued an insurance policy on a 70-foot

recreational vessel owned by Defendant Marilyn Levin.[1] The vessel was manufactured in Miami, FL,

by Magnum Marine Corporation. From the date of its purchase in 1996 until 2004, the vessel was

_____

[1]On February 22, 2011, Defendants filed a Notification of Death of Defendant/Counterclaimant
Marilyn Levin. **[DE 92]**. Defense counsel, as personal representative of the Estate of Marilyn Levin,
was substituted as a party to this action.

CASE NO. 10-CV-60130-LENARD/Turnoff

located in Pensacola, FL, undergoing repairs and renovations. On or about September 16, 2004, the vessel suffered damage during Hurricane Ivan. At that time, it was moved to the New River Marina in Fort Lauderdale, FL, for repairs and renovations where it remains to the present date.

On December 3, 2009, Defendant Frederic Levin filed a Civil Remedy Notice of Insurer Violations against Plaintiff. Plaintiff requested that Defendant withdraw same as the parties had been involved in investigations. Upon Defendant's refusal, Plaintiff filed the instant declaratory action against Defendants Frederic G. Levin, Marilyn Levin, and Fred's Antique Autos, Inc., on January 27, 2010, in the Southern District of Florida.[2]

The operative pleading is the Amended Complaint, filed on August 19, 2010. **[DE 67]**. In Count I, Plaintiff sought a declaration that the expenses paid by Defendants to effect structural repairs to the vessel's hull support stringers and bulkheads caused by wood rot and/or water intrusion were not covered under the subject marine insurance policy/contract because they were not caused by Hurricane Ivan. In Count II, Plaintiff sought a declaration that these same expenses were not covered under the subject policy/contract since they were excluded by the subject marine insurance policy/contract. In Count III, Plaintiff sought a declaration that the expenses paid by Defendants to perform admittedly non-Hurricane-related "upgrades" to the vessel were not compensable under the subject marine insurance policy/contract. In the event that the court were to determine that the vessel's hull support stringers and bulkheads required repairs as a result of damages caused by Hurricane Ivan, then in Count IV, Plaintiff alternatively sought a declaration that its obligation under the subject marine insurance policy/contract was limited to the reasonable cost of repair and/or

---

[2]Originally, there were 6 defendants. Only two Defendants remain.

CASE NO. 10-CV-60130-LENARD/Turnoff

replacement of the vessel's hull support stringers and bulkheads that existed in the vessel at the time

of the subject loss.

Defendants filed an Answer and Second Amended Counterclaim demanding judgment

against Plaintiff for all covered losses and damages suffered by Defendants, including but not limited

to all expenses paid by Defendants arising out of covered risks on the subject vessel, pre- and post-

judgment interest on the covered expenses, and attorney's fees and costs. **[DE 68]**. Defendants also

filed the instant motion to transfer venue to the Northern District of Florida arguing that it is the

more convenient jurisdiction.

### Discussion

Because jurisdiction in this civil action is not based on diversity of citizenship, venue is

governed by 28 U.S.C. § 1391(b), which provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of
> citizenship may, except as otherwise provided by law, be brought only in (1) a
> judicial district where any defendant resides, if all defendants reside in the same
> State, (2) a judicial district in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of property that is the subject
> of the action is situated, or (3) a judicial district in which any defendant may be
> found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

> Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district
> court may transfer any civil action to any other district or division where it might
> have been brought.

28 U.S.C. § 1404(a).

In order to determine if transfer of venue to the Northern District of Florida is appropriate,

CASE NO. 10-CV-60130-LENARD/Turnoff

it must first be determined if that venue would have been appropriate.

Defendant argued that venue is proper in the Northern District of Florida because that is where all of the Defendants reside, and because that is where a substantial part of the events giving rise to the claim occurred. 28 U.S.C. §§ 1391(b)(1)-(2); Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1371-72 (11th Cir. 2003). Plaintiff argued that a substantial part of the events occurred in the Southern District.

The burden is on the moving party to show that transfer to the suggested forum is appropriate. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989); Steifel Laboratories, Inc. v. Galderma Lab., Inc., 588 F.Supp.2d 1336 (S.D. Fla. 2008). A plaintiff's choice of forum is traditionally accorded considerable deference. Indeed, a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giamarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir.1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B 1981)). "The decision whether to transfer venue is within the discretion of the trial court, and each case should be decided on its particular facts." Am. Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc., 55 F.Supp.2d 1347, 1351 (M.D. Fla. 1999).

In deciding motions to transfer, courts engage in a two-pronged inquiry. First, the alternative venue must be one in which the action could originally have been brought by the plaintiff. 28 U.S.C. § 1404; Mason v. Smithkline Beecham Clinical Lab., 146 F.Supp.2d 1355, 1359 (S.D. Fla. 2001). Second, courts must balance private and public factors to determine if transfer is justified. Mason, 146 F.Supp.2d at 1359.

In determining whether certain acts support venue under § 1391(b)(2), "only the events that

CASE NO. 10-CV-60130-LENARD/Turnoff

directly give rise to a claim are relevant and . . . only those acts and omissions that have a close

nexus to the wrong are properly weighed in the substantial part analysis." Morgan v. N. MS Med.

Ctr., Inc., 403 F.Supp.2d 1115, 1123 (S.D. Ala. 2005) (internal citation, quotations, and punctuation

omitted). The court must "focus on the actions of the defendant, not of the plaintiff." McDaniel v.

IBP, Inc., 89 F.Supp.2d 1289, 1294 (M.D. Ala. 2000) (citations omitted). Although under this

analysis "[v]enue may be proper in more than one district," Careplus Health Plans, Inc. V. Crespo,

No. 05-CV-2010-T-27MAP, 2006 WL 1382102, at *2, n. 5 (M.D. Fla. May 19, 2006) (citing Jenkins

Brick, 321 F.3d at 1371 (noting that the amendment to section 1391 "contemplates some cases in

which venue will be proper in two or more districts.")), a plaintiff is not required to select the venue

with "the most substantial nexus to the dispute," so long as it chooses a venue where a substantial

part of the events giving rise to the claim occurred. Morgan, 403 F.Supp.2d at 1122 (citations

omitted).

      Here, Defendants reside in the Northern District and that is where the pre-Hurricane Ivan

repairs took place. Most of the post-hurricane repairs took place in the Southern District, where the

vessel is currently located. It appears that both the vessel's pre-Hurricane Ivan condition as well as

the subsequent repairs are at issue in this case. As such, either the Southern District or the Northern

District could have been a proper venue for this action. Since the action could have been brought in

either District, the inquiry must focus on whether transfer to the Northern District would be "for the

convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. § 1404(a).

      The Eleventh Circuit has provided a list of factors relevant in this analysis, which include the

plaintiff's choice of forum, the convenience of the witnesses and the parties, the availability of

CASE NO. 10-CV-60130-LENARD/Turnoff

process to compel the attendance of unwilling witnesses, the location of relevant documents and the relative ease of access to sources of proof, the locus of operative facts, the relative means of the parties, a forum's familiarity with the governing law, and trial efficiency and the interests of justice, based on the totality of the circumstances. <u>Manuel v. Convergys Corp.</u>, 430 F.3d 1132, 1135, n. 1 (11th Cir. 2005) (citation omitted); <u>Gonzalez v. Pirelli Tire, LLC</u>, No. 07-80453-CIV, 2008 WL 516847, *2 (S.D. Fla. 2008); <u>Thermal Tech., Inc. V. Dade Serv. Corp.</u>, 282 F.Supp.2d 1373, 1375 (S.D. Fla. 2003). Ultimately, a transfer can only be granted where the balance of convenience of the parties strongly favors the defendant. <u>See</u> <u>Robinson</u>, 74 F.3d at 260 (holding that plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations).

First, Plaintiff's choice of venue in the Southern District of Florida carries a strong presumption that may be overcome only where the balance of the convenience factors strongly favors Defendants. <u>Robinson</u>, 74 F.3d at 260. With a foreign plaintiff, the assumption is accorded less deference because the central purpose of the inquiry is to ensure that the trial is convenient. <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 255-56, 102 S. Ct. 252, 70 L.Ed.2d 419 (1981). Here, Plaintiff is not a Florida corporation. Thus, its choice of forum is entitled to less deference. <u>Rolls-Royce Commercial Marine, Inc. v. New Hampshire Ins. Co.</u>, No. 09-61329-CIV, 2010 WL 5067608, at *4 (S.D. Fla. Dec. 7, 2010).

The next factor is the convenience of the parties and witnesses, which encompasses other factors, such as the availability of compulsory process for witnesses and the financial ability to bear the costs of change. Defendants reside in Pensacola, FL. Defendant Marilyn Levin, who was elderly and disabled, has since passed away, thus eliminating any consideration of her hardship. **[DE 92]**.

CASE NO. 10-CV-60130-LENARD/Turnoff

She has been substituted as a party by defense counsel, Martin Levin, as co-Personal Representative of the Estate of Marilyn Levin, who also resides in Pensacola. **[DE 97]**. It would undoubtedly be more convenient for Defendant, the party with the lesser means, to try this case in the Northern District. Plaintiff is a foreign corporation, so it would be equally inconvenient to try this matter in the Northern District. Moreover, as a corporation, Plaintiff is better able to bear the costs associated with a transfer. See Baker v. Major League Baseball Props., Inc., No. 3:08cv114/MCR, 2009 WL 1098482, at *3 (N.D. Fla. Apr. 22, 2009) (noting the relative financial means of the parties mitigated against transfer because the "corporate defendants clearly ha[d] greater means than plaintiff"). This factor weighs in favor of transfer.

Both parties plan to call multiple witnesses located in both Pensacola and Miami. Although the convenience of non-party witnesses is important, convenience is not as crucial as the possibility of having their testimony at trial. Mason, 146 F.Supp.2d at 1362. If the case were to be transferred to the Northern District, Plaintiff would not be able to compel the trial testimony of the Southern District-based witnesses, because they would be well in excess of the 100-mile radius contemplated by Rule 45(c)(3)(A)(ii) of the Federal Civil Rules of Procedure. The same is true for compelling the trial testimony of the Northern District-based witnesses in the Southern District, notwithstanding Defendant Fred Levin's affidavit setting forth that the three individuals who performed post-Hurricane Ivan repairs were willing to voluntarily travel to the Northern District for deposition and trial. Although those three witnesses are willing to voluntarily travel to the Northern District, and even assuming that they would pay their own way, there are other witnesses who may not be willing to do so. Evidently, transfer would shift the inconvenience from one party to the other. As such, the

CASE NO. 10-CV-60130-LENARD/Turnoff

weight of this factor is against transfer.

With respect to the relative ease of access to sources of proof, this factor encompasses witness testimony and the location of documentation, because the proof required for this case is mainly in the form of witnesses and documentation. The witness issue was addressed *supra*. It appears that there is relevant documentation in both the Northern and Southern Districts. However, the vessel is currently located in the Southern District. Since there is evidence located in both Districts, this factor is neutral, and neutral factors will weigh against transfer due to the presumption in favor of a plaintiff's choice of venue. Am. Aircraft, 55 F.Supp.2d at 1351. As such, this factor weighs against transfer.

Finally, "public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of law or in the application of foreign law." In re Nintendo Co., 589 F.3d 1194, 1198 (5th Cir. 2009) (internal quotation marks and citation omitted); See also, Manuel, 430 F.3d at 1135, n. 1 (listing the private and public interest factors relevant to a section 1404 analysis). The forum's familiarity with the governing law is irrelevant in this case since both Districts are within the State of Florida. Likewise, there is no issue involving the application of foreign law. There is no evidence that the other public interest factors would be better served by a transfer to the Northern District. As such, the public interest factors weigh against a transfer.

The only factor weighing in favor of transfer is the relative means of the parties. However, the financial means of the parties is insufficient, by itself, to support a transfer to the Northern

CASE NO. 10-CV-60130-LENARD/Turnoff

District. See Bolton v. Tesoro Petroleum Corp., 549 F.Supp. 1312, 1317 (E.D. Pa. 1982) (finding

that the relative bargaining power and financial positions of the parties alone could not prevent a

transfer where the convenience of the parties and witnesses and the interests of justice clearly

favored transfer).

## Conclusion

The undersigned finds that venue lies properly in the Southern District of Florida, Plaintiff's

choice of forum, because a substantial part of the events in this case have a close nexus to this

District. Defendants have failed to meet their burden to show that a transfer to the Northern District

of Florida is appropriate. An analysis of the pertinent factors weighs against a transfer of this action.

Consistent with the above and foregoing, it is **RESPECTFULLY RECOMMENDED** that

Defendants' Motion to Transfer Venue **[DE 4]** be **DENIED**.

Pursuant to Local Magistrate Rule 4 (b), the parties have fourteen (14) days from service of

this Report and Recommendation to serve and file written objections, if any, with the Honorable

Joan A. Lenard, United States District Judge. Failure to file timely objections shall bar the parties

from attacking on appeal any factual findings contained herein. Loconte v. Dugger, 847 F.2d 745

(11th Cir. 1998); RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida on this ___ day of

March 2011.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Joan A. Lenard
    All counsel of record