UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CV-60130-LENARD/Turnoff

INSURANCE COMPANY OF
NORTH AMERICA,

    Plaintiff,

v.

FREDERIC G. LEVIN, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMANT'S SECOND AMENDED COUNTERCLAIM

**THIS CAUSE** is before the Court upon Plaintiff Insurance Company of North America's Motion to Dismiss Counterclaimants' Second Amended Counterclaim, or in the Alternative, Motion for More Definite Statement as to Counterclaimants' Claims That the Pre-Loss Removal of Certain Structural Supports Caused Physical Damages to the Subject Vessel Which are Recoverable Under INA'S Marine Insurance Policy and INA'S Motion to Dismiss, or in the Alternative, Motion for More Definite Statement as to Counterclaimants' Claims That Multiple Insurance Policies Were Breached by INA. (ECF No. 76). This matter was referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida. (ECF No. 84). The undersigned has considered the Motion, the Response (ECF No. 77), the Reply (ECF No. 83), the court file, the applicable law, and is otherwise duly advised in the premises.

### Factual Background

This case arises out of damages sustained by a 1986 seventy-foot Magnum Flybridge Sport

Vessel, known as the "Phoenix II," as a result of Hurricane Ivan on September 16, 2004. The vessel was owned by Counterclaimant Marilyn Levin[1] since 1996 and has been insured by Plaintiff Insurance Company of North America ("INA") since 2001.

From the date of its purchase in 1996 until 2004, the vessel was located in Pensacola, FL, undergoing repairs and renovations. As part of the renovation process, one or more structural bulkheads were removed. According to the Levins, this resulted in "the vessel's longitudinal girders experiencing multiple times the defection for a given input load, as compared to the original structural design of the vessel at the time of manufacturing." (ECF No. 68), ¶ 12.

In 2001, Levin purchased from INA a Yachtsman/ Winderjammer/ Boatsman all-risk marine insurance policy. In February 2001, a marine survey was performed on the vessel for underwriting purposes, and the vessel was given an "Overall Vessel Rating: Excellent Bristol Condition." (ECF No. 67), Ex. 11. Thereafter, the insurance coverage commenced on May 16, 2001, and was successfully renewed, with identical policies, through May 16, 2005. Each of the identical policies contained language covering the vessel for "accidental, direct physical loss or damage to [the] insured vessel as well as salvage charges, except as specifically excluded in the policy." (ECF No. 68).

At the time of Hurricane Ivan, the vessel was covered by the all-risk marine insurance policy for the 2004-2005 policy period. The policy had an "agreed value of $2.7 million dollars on the hull of the vessel, subject to the application of a $54,000.00 deductible." (ECF No. 67), ¶ 11.

In December 2004, Fredric Levin hired Red Bank Enterprises ("Red Bank") to repair the

---

[1] On February 22, 2011, Defendants filed a Notification of Death of Defendant/Counterclaimant Marilyn Levin. (ECF No. 92). Defense counsel, as personal representative of the Estate of Marilyn Levin, was substituted as a party to this action.

vessel. Id. at ¶ 18. Red Bank provided an estimate totaling $118,000.00 for fiberglass and painting work. Id. at ¶ 19. An INA surveyor reviewed the vessel and adjusted the subject loss to $120,500.00. Id. at ¶ 20.

In June 2005, Frederic Levin presented a report by his naval architect, Winchester Design Group ("WDG"), showing pre-existing deterioration in the vessel's hull support structures. Id. at Ex. 9.

In July 2008, Frederic Levin performed his initial loss adjustment and provided INA with a Sworn Statement in Proof of Loss ("POL") for damages to the vessel totaling $2.7 million dollars. INA requested documentation in support of this claim. Id. at Ex. 9.

In May 2009, Frederic Levin informed INA that he was "[f]inally in a position to resolve the claim for damages" and provided a settlement demand for $3,842,570.81. The demand admittedly included non-hurricane-related upgrades. Id. at Ex. 11. Attached to the demand letter was a report by WDG indicating that at least a portion of the damages to the vessel's hull support stringers and bulkheads had water intrusion that occurred prior to Hurricane Ivan. Id. at Ex. 12.

**Procedural Background**

The operative pleading is the Amended Complaint, filed on August 19, 2010. (ECF No. 67). In Count I, Plaintiff sought a declaration that the expenses paid by Defendants to effect structural repairs to the vessel's hull support stringers and bulkheads caused by wood rot and/or water intrusion were not covered under the subject marine insurance policy/contract because they were not caused by Hurricane Ivan. In Count II, Plaintiff sought a declaration that these same expenses were not covered under the subject policy/contract since they were excluded thereunder. In Count III, Plaintiff

CASE NO. 10-CV-60130-LENARD/Turnoff

sought a declaration that the expenses paid by Defendants to perform admittedly non-Hurricane-related "upgrades" to the vessel were not compensable under the subject marine insurance policy/contract. In the event that the court was to determine that the vessel's hull support stringers and bulkheads required repairs as a result of damages caused by Hurricane Ivan, then in Count IV, Plaintiff alternatively sought a declaration that its obligation under the subject marine insurance policy/contract was limited to the reasonable cost of repair and/or replacement of the vessel's hull support stringers and bulkheads that existed in the vessel at the time of the subject loss.

Defendants filed an Answer and Second Amended Counterclaim demanding judgment against Plaintiff for all covered losses and damages suffered by Defendants, including but not limited to all expenses paid by Defendants arising out of covered risks on the subject vessel, pre- and post-judgment interest on the covered expenses, and attorney's fees and costs. (ECF No. 68).

INA filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and alternatively for a more definite statement pursuant to Rule 12(e). With respect to the motion to dismiss, INA argued that Defendants failed to state a claim upon which relief could be granted under the subject marine insurance policy for damages they claimed were caused by the pre-loss removal of certain structural bulkheads. (ECF No. 76). According to INA, Defendants failed to allege how the pre-loss removal of certain structural bulkheads proximately caused physical damages to the vessel during Hurricane Ivan that were recoverable under the subject marine insurance policy. Alternatively, INA argued that it was entitled to a more definite statement as to how the pre-loss removal of certain

CASE NO. 10-CV-60130-LENARD/Turnoff

structural bulkheads proximately caused damages to the vessel during Hurricane Ivan, as well as how same were covered under the marine insurance policy.

Second, INA argued that Defendants failed to state a claim for breach of multiple marine insurance policies. Alternatively, INA argued that it was entitled to a more definite statement as to the ultimate fact upon which Defendants relied for their allegations that INA had breached its legal obligations under the subject policies by failing to pay the losses and damages incurred by Defendants as specified in paragraphs 15 and 16 of the counterclaim.

### Discussion

**A.    Motion to Dismiss**

A complaint will be dismissed pursuant to Rule 12(b)(6), when, accepting all factual allegations therein as true, the plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007). The court's consideration on a motion to dismiss is limited to the pleadings and exhibits attached thereto. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citing GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993)).

To satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting Conley v Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009).

Although to withstand a motion to dismiss under Rule 12(b)(6) a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The allegations are sufficient, however, if they "raise a right to relief above the speculative level." Id. There is no "probability requirement at the pleading stage;" rather, the standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. Under the Supreme Court's "most recent formulation of the pleading specificity standard," a complaint must present "'enough factual matter (taken as true) to suggest' the required element." Watts, 495 F.3d at 1295 (quoting Twombly, 550 U.S. at 556)). The court does not need to determine whether the plaintiff can ultimately prove the facts alleged but only whether "the claimant is entitled to offer evidence to support the claims." Sheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974), *abrogated on other grounds*; United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003).

It is undisputed that INA insured the Phoenix II under an all-risk marine insurance policy. Under that type of all-risk insurance policy:

> "Plaintiff's burden of proof...is a light one: to make a *prima facie* case for recovery, he must show only that a loss has occurred. Upon plaintiff's making such a *prima facie* showing, the burden shifts to defendant-insurer to prove that the loss arose from

a cause which is excepted from the policy or for which he is not liable."

Egan v. Washington Gen. Ins. Corp., 240 So.2d 875, 876 (Fla. 4d DCA 1970).

The Eleventh Circuit requires an insured to show that the loss occurred during the coverage period and that the contract encompassed the loss. Banco Nacional De Nicaragua v. Argonaut Ins. Co., 681 F.2d 1337, 1340 (11th Cir.1982) (finding that in order to invoke an all-risks insurance policy a plaintiff must show a relevant loss occurring within the policy period because proof that the loss occurred within the policy period is a predicate to the application of the policy). The burden then shifts to the insurer to prove that an exclusion in the contract applies. Great Lakes Reinsurance (UK) PLC v. Soveral, No. 05-80923-CIV, 2007 WL 646981, at *3 (S.D. Fla. Feb. 27, 2007). Here, Counterclaimants have met their burden to establish a *prima facie* case because they alleged that they owned a vessel that was covered under an all-risk marine insurance policy issued by INA, and that the vessel sustained damages as a result of Hurricane Ivan during the 2004-2005 policy period.

Counterclaimants have also pled that, from 1997 through 2000, as part of the renovations, one or more structural bulkheads were removed causing the vessel's longitudinal girders to experience multiple times the defection for a given input load, as compared to the original structure design of the vessel at the time of manufacturing. (ECF No. 68). Relying upon a report generated by INA's engineer, Counterclaimants argued that the damage to the vessel may have been compounded by the renovations, specifically the removal of the structural bulkheads, which occurred prior to INA's issuance of the all-risk marine insurance policy. Counterdefendants recognized that the report was prepared by their own engineer, but argued that it was prepared before "extensive wood rot and

deterioration was discovered in the vessel's hull support structures." (ECF No. 83). These arguments are not the province of a motion to dismiss.

Counterclaimants alleged that a contractual relation existed and was renewed by the parties from May 16, 2001, through May 16, 2005; that the vessel was damaged based on an act they believed was covered under the all-risk policy; and that INA breached the policy by failing to pay for damages caused by a covered loss. These allegations are sufficient to comport with the pleading requirements and to withstand scrutiny under Rule 12. The undersigned finds that the Counterclaimants have sufficiently pled their breach of contract claim to satisfy the Iqbal/Twombly standard.

Accordingly, the undersigned hereby **RECOMMENDS** that INA's Motion to Dismiss (ECF No. 76) be **DENIED**.

B.  Motion for More Definite Statement

Alternatively, INA sought a more definite statement as to (1) how the pre-loss removal of certain structural supports from the vessel proximately caused damages that are covered under INA's marine insurance policy; and (2) how INA breached multiple insurance policies.

As stated *supra*, Rule 8 only requires a "short and plain statement of the claim" showing that the "pleader is entitle to relief." Fed. R. Civ. P. 8. "A pleading that satisfies the notice pleading standards of Rule 8 is therefore sufficient to withstand a Rule 12(e) motion for more definite statement." Palma Vista Condo. Ass'n of Hillsborough County, Inc. v. Nationwide Mutual Fire Ins. Co., No. 09-CV-0155-T-27EAJ, 2010 WL 2293265, at *1 (M.D. Fla. Jun. 7, 2010).

A motion for more definite statement is appropriate only if a pleading "is so vague or

CASE NO. 10-CV-60130-LENARD/Turnoff

ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e); Betancourt v. Marine Cargo Mgmt., Inc., 930 F.Supp. 606, 608 (S.D. Fla. 1996). Because federal courts employ a standard of notice pleading and liberal discovery, motions for more definite statement are disfavored. St. Paul Fire and Marine Ins. Co. v. Lago Canyon, Inc., No. 06-60889-CIV-Cohn/Snow, 2007 WL 397047, at *1 (S.D. Fla. Feb. 1, 2007). "Such a motion should be granted only when the pleading to which the motion is directed is so vague or ambiguous that the party cannot be expected to respond." Id.

Here, the court finds that no more definite statement is necessary. Counterclaimants have sufficiently alleged their claims, and INA can reasonably be required to frame a response thereto. The allegations effectively apprise INA of the legal and factual grounds on which the Counterclaimants seek to advance their claims. They are not so vague and ambiguous that INA cannot be expected to respond in good faith or without prejudice. The purpose of the Rule is "to strike at unintelligibility rather than want of detail and allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." Asip v. Nielsen Media Research, Inc., No. 03-Civ-5866(SAS), 2004 WL 315269 at *2 (S.D.N.Y. Feb. 18, 2004) (citations omitted). Moreover, far from insisting on minute detail, the federal rules require that each averment in a pleading be "simple, concise, and direct." Fed.R.Civ.P. 8(e)(1).

Accordingly, the undersigned hereby **RECOMMENDS** that INA's Motion for More Definite Statement (ECF No. 76) be **DENIED**.

CASE NO. 10-CV-60130-LENARD/Turnoff

## Conclusion

Consistent with the above and foregoing, it is **RESPECTFULLY RECOMMENDED** that Plaintiff Insurance Company of North America's Motion to Dismiss Counterclaimants' Second Amended Counterclaim, or in the Alternative, Motion for More Definite Statement as to Counterclaimants' Claims That the Pre-Loss Removal of Certain Structural Supports Caused Physical Damages to the Subject Vessel Which are Recoverable Under INA'S Marine Insurance Policy and INA'S Motion to Dismiss, or in the Alternative, Motion for More Definite Statement as to Counterclaimants' Claims That Multiple Insurance Policies Were Breached by INA (ECF No. 76) be **DENIED**.

Pursuant to Local Magistrate Rule 4 (b), the parties have fourteen (14) days from service of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard, United States District Judge. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. Loconte v. Dugger, 847 F.2d 745 (11th Cir. 1998); RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993).

**RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida on this 5 day of August 2011.

_____
WILLIAM C. TURNOFF
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Joan A. Lenard
All counsel of record